GYORGY et v GREEN et

Ohio Appeals, 9th Dist, Summit Co

No 1598. Decided March 21, 1929

Mr. Lloyd R. Read, Akron, for Gyorgy.
Messrs. Doolittle, Foust & Holden, and Mottinger & Evans, all of Akron, for Green.

FUNK, PJ.

We have examined the descriptions in all the deeds in the chain of title not only to the land described in defendants' deed but also to the 33 feet adjoining it on the west, and the land adjoining it on the south to a point 336.60 feet south of the center of West South St., back to and including the deed to Eliza Jane Buchtel in 1874, and also to the 64.50 feet adjoining it on the east, back to Jane E. Davies in 1924, and find that all of said deeds accurately describe the property conveyed by metes and bounds without reference to any street, and the distances accurately measured in feet, chains, or links, with reference to and from the north line of said lot 20, tract 9, which is conceded to be the center of West South St.

The only reference to a street or road in any of the deeds is that in some of the earlier deeds, 30 feet is reserved off the north end for a "public road" and a number of the deeds use the formal ending to the description, "be the same more or less but subject to all legal highways." In none of the deeds is the property conveyed, described as being bounded by the street or road.

It will be further observed that the driveway provided for by taking four feet off the west side of defendants' premises and four feet off the east side of the premises adjoining it on the west, was first provided for in deeds for the land on each side, in which the descriptions extended from the center of West South St., south 336.60 feet, thereby making the driveway privileges extend the full length of the land now owned by plaintiffs, and that the provisions for said driveway have been carried in all the deeds for said respective tracts of land since that time.

By reason of the rule in this state that in municipal corporations the fee to the street is generally vested in the municipality, while outside of a municipalty the fee is generally in the abutting landowner to the center of the road, the claim is made that as said lands and street have been within the municipal corporation of Akron for many years before defendants purchased their property, and that as a grantor cannot convey what he does not own, that said deeds could not convey the land to the center of the street after said lands and street became a part of the municipality of Akron, and that therefore the deeds for defendants' lands are presumed to convey 120 feet from the south line of West South St. instead of from the center of the street.

Counsel for defendants cite in their brief as sustaining their position, Thompson on Real Property, Sec. 3206, and 18 C. J. 278. We think these citations have no application to the situation in the instant case.

In this state, municipalities may acquire rights in public streets in three different ways: first, by dedication by private own-

ers and the acceptance of such dedication by council—as where lands are platted; second, by condemnation for street purposes; and third, by extension, by the municipality, of its boundaries so as to include county roads.

There can be no doubt that in the first and second ways the fee of the street is in the city, in trust for street purposes, with certain reversionary interests remaining in the abutting property owner; but in the third way, the authorities seem to be that the fee of the street remains in the abutting property owner.

In the instant case, however, we are of the opinion that it is immaterial whether or not the fee to the street is in the municipalty or the abutting property owners, for two reasons: first, because in either case the interest acquired in the street by the municipality or by the public outside of the municipality, is only for road or street purposes, and is necessarily limited to such control over streets or roads as is necessary to accomplish those purposes (Traction Co. v. Cumminsville, 14 OS. 523, at pp. 544 and 546; Callen v. Electric Light Co., 66 OS. 166, at p. 174); and second, for the reason, as heretofore stated, that all the deeds in the chain of title accurately and definitely describe the property conveyed by metes and bounds, beginning on the lot or tract line, which is conceded to be the center of the street, and without reference to the street. and are the same distances and descriptions used in the deeds covering the premises described in defendants' deed for nearly fifty years before defendants purchased the same, and probably long before said lands and street were included within the corporate limits of Akron—there being no evidence as to when said premises became a part of said municipality.

The general rule in construing descriptions, is the same as in construing any other part of the deed or any other written instrument—which is that in the absence of ambiguity or uncertainty the intention as found in the language of the instrument controls, and that where the language of the deed is plain, certain and unambiguous, the surrounding facts and circumstances will not be considered; but where the language of the instrument is ambiguous and uncertain, the court will consider the language of the instrument in connection with the circumstances attending the transaction, in an effort to ascertain the intention of the parties.

In the instant case, the language in the deeds is plain and unambiguous and there are no attending circumstances other than what may appear in or be inferred from the instruments themselves and what defendants say their grantor told them. What their grantor may have said would not be binding upon anyone other than said grantor. There is no claim that defendants could have obtained title by prescription to the 25 feet now in controversy. There is no evidence that the street or lands in question or those surrounding it were ever platted and the street dedicated to street purposes and accepted by the council, or that they were ever condemned for street purposes, but on the contrary the evidence offered, including the descriptions contained in the deeds, would all indicate that they were not so platted, dedicated and accepted, but rather that they became a part of the municipality by its extending its boundaries so as to include said lands and street.

Counsel seem to concede that if said street and. premises were outside of a municipality, said "north 120 feet of the following described premises" would mean that it would be measured from the center of the street in the description in the deed to defendants. It surely cannot be the law that where the same description is used to convey the property after it is included in a municipality by the municipality extending its boundary lines, that said "north 120 feet of the following described premises" would mean exclusive of the street and thereby automatically require that it be measured from the south line of the street.

There being nothing in the descriptions in the deeds in defendants' chain of title or the land adjoining it on either side or to the south to indicate any other intention than that the land conveyed to defendants was to be measured from the center of the street, and there being no evidence of any other intention binding upon anyone other than defendants' grantor, we can come to no other conclusion than that the north line of the land described in the deed to defendants is in the center of West South St. and that defendants' land therefore extends only 95 feet south of the south line of said West South St. as it now exists.

A decree may be drawn accordingly.

Pardee, J., and Washburn, J, concur.